UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20143-BLOOM

JEFFREY STOWER,
as Foreign Representatives of Premier
Assurance Group SPC LTD, et al.,

      Plaintiffs,

v.

LEONARDO L CORNIDE,
individually and as Trustee of The
Falcon Family Irrevocable Trust, et al.,

      Defendants.
_____/

## ORDER ON MOTION TO WITHDRAW REFERENCE

**THIS CAUSE** is before the Court upon Defendants Leonardo Cornide and Jorge Flaconin in their individual capacities, as well as in their respective capacities as trustee for The Falcon Family Irrevocable Trust and The Cornide Family Irrevocable Trust, Silverback Capital Partners LLC, Beast Capital LLC, 117 Albatross LLC, Preferred Business Services Inc., PA Marketing Ltd., 45 SBH LLC, 1736 SBH LLC, 2000 SBH LLC, 2170 SBH LLC, 74560 SBH LLC, Silverback Investments LLC, 248 Silverback Investments LLC, 1901 Silverback Investments LLC, 1919 Silverback Investments LLC, Silverback Equity Partners LLC, Silverback Management Services LLC, SBH Management Services LLC, Silverback Midtown, LLC, Silverback Ventures LLC's, (collectively "Defendants") Motion to Withdraw Order of Reference ECF No. [1] ("Motion"). Plaintiffs Jeffrey Stower and Jason Robinson ("Plaintiffs") filed an Omnibus Response in Opposition to the Motion,[1] ECF No. [2-10], to which Defendants filed a

---

[1] Plaintiffs Response was also submitted in response to a separate motion to withdraw reference submitted by another Defendant, Javier Jimenez. The Honorable Robert N. Scola, Jr. ruled on that Motion, granting in small part

Case No. 23-cv-20143-BLOOM

Reply, ECF No. [2-11]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied without prejudice.

**I.   BACKGROUND**

On September 22, 2020, Plaintiffs commenced a Chapter 15 proceeding in the United States Bankruptcy Court for the Southern District of Florida, Case No. 20-20230-RAM ("Chapter 15 Case"). On September 19, 2022, Plaintiffs filed an Adversary Complaint in which they assert the following claims against Defendants: violations of Federal RICO Statute, 18 U.S.C. § 1962(c) (Count I), conspiracy to violate Federal RICO Statute, 18 U.S.C. § 1962(d) (Count II), violation of Florida Civil Rico, Fla. Stat. § 772.103 (Count III), breaches of fiduciary duty under Cayman Islands law (Count IV), unlawful means conspiracy under Cayman Islands law (Count V), knowing receipt and/or equitable proprietary claims under Cayman Islands law (Count VI), usurpation of corporate opportunity under Florida law (Count VIII), civil theft under §772.11, Fla. Stat. (Count IX), conversion under Florida law (Count X), constructive fraud under Florida law (Count XI), unjust enrichment under Florida law (Count XII), imposition of constructive trust under Florida law (Count XIII), request for accounting (Count XIV), and request for preliminary and permanent injunction under §895.05, Fla. Stat. (Count XV).

On November 21, 2022, Defendants filed a Motion to Dismiss. On December 6, 2022, Defendants filed their jury demand and the instant Motion. In the Motion, Defendants request that the Court withdraw the reference to the Bankruptcy Court. *See generally* ECF No. [1]. Plaintiffs oppose the Motion. *See generally* ECF No. [2-3].

---

the motion to withdraw reference "for the purpose of a jury trial should Defendant Javier Jimenez ultimately be entitled to one." *See* Order on Motion to Withdraw Reference, *Stower, et al., v. Jimenez*, 23-cv-20144-RNS (S.D. Fla. Jan. 24, 2023). The court affirmed "the reference to the Bankruptcy Court in all other respects, including hearing and determining case-dispositive motions to the extent constitutionally permitted." *Id*.

Case No. 23-cv-20143-BLOOM

## II. LEGAL STANDARD

A district court has original and exclusive jurisdiction of all cases brought under Title 11. See 28 U.S.C. § 1334(a). However, 28 U.S.C. § 157 vests in the district court the authority to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district. See 28 U.S.C. § 157(a). The jurisdiction of the bankruptcy court exists by virtue of this referral. Accordingly, a district court may withdraw, in whole or in part, any case proceeding under the referral:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Thus, the language of the statute provides for two forms of withdrawal, permissive and mandatory, with permissive withdrawal occurring when the movant has demonstrated "cause," and mandatory withdrawal being necessary "if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id*.

### A. Mandatory Withdrawal

"According to 28 U.S.C. § 157(d), withdrawal is mandatory if the case requires resolution of both Title 11 and non-bankruptcy code federal law." *In re Tousa, Inc.*, 1060206-MC, 2010 WL 1644456, at *2 (S.D. Fla. Apr. 19, 2010) Most courts "construe § 157(d) to mean 'that withdrawal is mandatory only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes which have more than a de minimis impact on interstate commerce.'" *Id*. (quoting *In re TPI Intern. Airways*, 222 B.R. 663, 667 (S.D.Ga.1998)).

The Eleventh Circuit has not articulated a standard for evaluating mandatory withdrawal. Multiple district courts within this Circuit have relied on the Seventh Circuit for guidance. The Seventh Circuit held:

> as far as non-title 11 issues are presented, mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law. The legal questions involved need not be of cosmic proportions but must involve more than mere application of existing law to new facts.

*Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996). "The party seeking withdrawal bears the burden of demonstrating that it is required." *Abrahams v. Phil-Con Services, LLC*, CIV.A. 10-0326-WS-N, 2010 WL 4875581, at *3 (S.D. Ala. Nov. 23, 2010) (citing *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d at 953).

### B. Permissive Withdrawal

"A district court 'may withdraw, in whole or in part, any case or proceeding referred to the Bankruptcy Court . . . for cause shown.'" *In re Armenta*, No. 13-15047-BKC-RBR, 2013 WL 4786584, at *1 (S.D. Fla. Sept. 6, 2013) (quoting 28 U.S.C. § 157(d)) (alteration adopted). Congress has not provided a definition or an explanation of the "cause" required for permissive withdrawal under 28 U.S.C. § 157(d), but the Eleventh Circuit has stated that cause "is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). "In determining whether cause exists, a district court should consider goals such as: (1) uniformity in bankruptcy administration; (2) decreasing forum shopping; (3) efficient use of resources of the courts and the parties; and (4) the avoidance of delay." *Armenta*, 2013 WL 4786584, at *1 (citing *Dionne v. Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) and *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004)). "The district court should also examine whether a jury demand has

been made and whether the claims are core or non-core." *Id.*[2] (citing *Holmes*, 315 F. Supp. 2d at 1381). The determination of whether to grant a motion for permissive withdrawal is within the court's discretion. *See In re Fundamental Long Term Care, Inc.*, No. 8:11-BK-22258-MGW, 2014 WL 4452711, at *1 (M.D. Fla. Sept. 9, 2014) (citing *In re TPI Int'l Airways*, 222 B.R. 663, 668 (S.D. Ga. 1998)).

**III. DISCUSSION**

Defendants assert that withdrawal is mandatory because Plaintiffs' claims require consideration of "laws of the United States regulating organizations or activities affecting interstate commerce". ECF No. [1] at 4. Defendants contend that withdrawal is appropriate because "in accordance with the Seventh Amendment of the United States Constitution, Movants are entitled to a jury trial as to any number of Plaintiffs' claims." *Id*. at 7. Defendants argue that withdrawing the reference "will promote judicial economy and preserve judicial resources." *Id*. at 8. Defendants contend that "some claims such as breach of fiduciary duty or usurpation of corporate opportunity are not subject to summary judgment and will require a jury trial that the District Court will preside over." *Id*.

Plaintiffs respond that the Motion should be denied without prejudice because: "First, mandatory withdrawal of the reference is only called for in limited circumstance in which the court needs to engage in a "substantial and material" analysis of a non-bankruptcy federal statute through 'significant interpretation' of that statute" and the stringent standard "plainly is not satisfied in this case." ECF No. [2-10] at 2-3. "Second, the Motions are premature because the Bankruptcy Court

---

[2] "The core/non-core dichotomy delineates proceedings between those arising under Title 11 and all other claims." *In re Certified HR Servs. Co.*, No. 05-22912-BKC-RBR, 2008 WL 9424996, at *3 (S.D. Fla. May 30, 2008) (citations omitted); *see also In re Toledo*, 170 F.3d 1340, 1349 (11th Cir. 1999) ("If the proceeding does not invoke a substantial right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding.").

5

has not determined whether the claims in this adversary proceeding are core or non-core or are entitled to a trial by jury." *Id*. at 3. "Third, the Motions to Withdraw Reference fail to establish sufficient 'cause' for permissive withdrawal of the reference." *Id*.

### A. Mandatory Withdrawal

As an initial matter, the Court is not persuaded by Defendants' argument that withdrawal is mandatory pursuant to 28 U.S.C. § 157(d). Defendants cite to two cases decided by district courts in this circuit where withdrawal was granted because the adversary proceeding involved a RICO claim as this case does. *See In re Mouttet,* 493 B.R. 640, 652, n.20 (Bankr. S.D. Fla. 2013), *aff'd in part, rev'd in part*, 13-22222-CIV, 2020 WL 5993925 (S.D. Fla. Oct. 9, 2020) (finding that where the complaint involved complex RICO allegations against foreign defendants requiring a significant interpretation of federal statutes mandatory withdrawal was appropriate); *In re Astro Tel, Inc.*, 8:11-MC-00059-T-33, 2011 WL 4551571, at *2 (M.D. Fla. Sept. 30, 2011) (finding withdrawal of the reference mandatory because resolution of the complaint required substantial and material consideration of the Sherman Act, RICO Act, and Lanham Act). Defendants also cite to out of circuit cases in which courts found that determinations of whether acts complained of constitute RICO violations and whether the elements of a RICO violation have been satisfied in each instance necessitate the substantial and material consideration of RICO, triggering mandatory withdrawal. *See In re Schlein*, 188 B.R. 13, 14 (E.D. Pa. 1995); *Green v. Massachusetts Cas. Ins. Co.,* 269 B.R. 782, 791 (N.D. Ill. 2001), *aff'd sub nom*. *In re Green,* 42 Fed. Appx. 815 (7th Cir. 2002).

Although Defendants have demonstrated that RICO claims often necessitate withdrawal, Defendants have not shown that in this case a court will be required to interpret, rather than merely apply, the non-title 11 RICO statute. Defendants indicate that "case resolution in this instance will

require a court to understand the facts surrounding the underlying transactions and determine whether the requisite elements of the federal criminal statutes have been satisfied or decide whether such statutes even apply in the first instance" and "a court will need to address whether the hyper-technical pleadings issues surrounding civil RICO claims have been satisfied." ECF No. [2-11] at 4. However, Defendants do not explain why those decisions will necessitate significant interpretation of that statute, rather than a mere application. Defendants have therefore failed to meet their burden of demonstrating that withdrawal is mandatory.

### B. Permissive Withdrawal

Furthermore, the Court does not find permissive withdrawal to be appropriate at this early stage of the Adversary Proceeding. Persuasive authority suggests that "the determination of whether a matter is core or non-core 'should first be made by the Bankruptcy Court.'" *In re Westward Ho II, LLC*, No. 8:15-CV-653-T-33, 2015 WL 1927513, at *2 (M.D. Fla. Apr. 28, 2015) (quoting *In re Fundamental Long Term Care, Inc.*, No. 8:11-Bk-22258-MGW, 2014 WL 2882522, at *2 (M.D. Fla. June 25, 2014)); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under [T]itle 11."); *In re Palm Beach Fin. Partners, L.P.*, No. 09-36379-PGH, 2013 WL 3490652, at *4 (S.D. Fla. July 8, 2013) ("[T]he bankruptcy court can, and should, initially determine whether it has the constitutional authority to render a final judgment on a particular issue."). Plaintiffs argue that the Motion is premature because the Bankruptcy Court has not determined whether the claims in this proceeding are core or non-core. This factor therefore weighs in favor of denying the Motion as premature.

Moreover, even if Defendants are entitled to a trial by jury in the Adversary Proceeding, "such right does not preclude the Bankruptcy Court from hearing a proceeding up to and including the point of ruling on summary judgment." *Westward*, 2015 WL 1927513, at *4 (citation omitted); *see also Stein v. Miller*, 158 B.R. 876, 880-881 (S.D. Fla. 1993) (holding that defendants in adversary proceeding were not entitled to withdrawal of reference to have case dispositive motion decided by district court).

Decisions from other courts in this District are persuasive. In declining to withdraw a bankruptcy referral until the adversary proceeding required a jury trial, the Court in *Armenta* determined that "[t]he interests of efficiency and uniformity weigh in favor of denying [the] motion to withdraw reference, notwithstanding [the] demand for a jury trial." *Armenta*, 2013 WL 4786584, at *2. Specifically, the *Armenta* Court explained:

> The Bankruptcy Court is already familiar with this adversary proceeding and the bankruptcy case to which it relates and is well capable of supervising discovery and other pretrial matters. Moreover, the adversary proceeding is in its early stages, having been filed just over two months ago and with a motion to dismiss currently pending before the Bankruptcy Court. Therefore, the Court finds that withdrawal of the reference for trial is presently premature and will be appropriate only if and when this adversary proceeding becomes ready for a jury trial.

*Id.*; *see also In re Rothstein, Rosenfeldt, Adler, P.A.*, No. 11-62612-CIV, 2012 WL 882497, at *4 (S.D. Fla. Mar. 14, 2012) ("Withdrawal of the reference at this stage would result in this Court losing the benefit of the bankruptcy court's experience in both the law and facts, and leading to an inefficient allocation of judicial resources." (citations omitted)). The Court concludes that the same interests in this case weigh in favor of denying the Motion.

Importantly, even when courts in this District have elected to withdraw bankruptcy referrals, they have customarily allowed the Bankruptcy Court to conduct all pre-trial matters. *See, e.g., In re Certified HR Servs. Co.*, No. 05-22912-BKC-RBR, 2008 WL 9424996, at *4 (S.D. Fla.

May 30, 2008) (withdrawing bankruptcy referral "for the sole purpose of Court conducting a jury trial and allowing the Bankruptcy Court to conduct all pre-trial matters, including any dispositive motions."); *In re Aurora Cap., Inc.*, No. 12-61421-CIV, 2013 WL 2156821, at *2 (S.D. Fla. May 17, 2013) (withdrawing bankruptcy referral "only for the purposes of jury trial, and leav[ing] the refence intact as to all pretrial matters.").

Based on the foregoing, the Court declines to withdraw the reference at this early juncture of the proceedings and concludes that the Adversary Proceeding should remain in the Bankruptcy Court for the disposition of all pre-trial matters, including discovery and any dispositive motions. If appropriate at a later point in the proceedings, Defendants may file a Renewed Motion to Withdraw Reference at that time.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [1]**, is **DENIED** without prejudice.
2. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record